

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-31-2004

# Lutula v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2943

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Lutula v. Atty Gen USA" (2004). *2004 Decisions*. Paper 382.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/382

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-2943
_____

NGANDU MUTOLO LUTULA,

Petitioner

v.

JOHN ASHCROFT, ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review from the Board of Immigration Appeals
No. A78-612-540
_____

Submitted Under Third Circuit LAR 34.1(a)
June 21, 2004

Before: NYGAARD, McKEE, and CHERTOFF, Circuit Judges.

(Filed: August 31, 2004)

_____

NYGAARD, Circuit Judge.

Ngandu Mutolo Lutula petitions for review of a final order of the Board of Immigration Appeals affirming the Immigration Judge's denial of his claims for relief from removal. The BIA had jurisdiction under the regulations at 8 C.F.R. §§1003.38 and 1003.1(b). We have appellate jurisdiction pursuant to 8 U.S.C. § 1252(a)(1) and will deny the Petition for Review.

I.

Because we write solely for the benefit of the parties, we recount the facts of this case only as they pertain to our analysis. Ngandu Mutolo Lutula ("Lutula"), a citizen of the Democratic Republic of the Congo ("the Congo"), entered the United States on November 11, 2000 as a non-immigrant visitor for business.

Lutula testified before the IJ that he is an ethnic Tutsi in the Congo. In 1997, after Laurent Kabila took over the Congolese government, Lutula claims that there were occurrences of ethnic violence against Tutsis. Lutula testified that his father was beaten and arrested because he was a Tutsi, that his mother is missing, and that his brother was killed.

Lutula further testified that in November of 1998, his scholarship to a university in China was cancelled because he is a Tutsi. He remained in China and worked until he

allegedly received letters from the Congolese Embassy accusing him of being a traitor and a spy and from the Chinese police telling him that his visa was withdrawn and that he was to report to the police station. Lutula stated he then fled to the United States out of fear that he would be killed should he be returned to the Congo.

On March 13, 2001, a Notice to Appear was issued charging Lutula with removability under Section 237 of the Immigration and Nationality Act as an alien who remained in the United States for longer than permitted under his visa. 8 U.S.C. § 1227(a)(1)(B).

On May 8, 2001, Lutula appeared before the IJ, admitted he was subject to removal, and applied for asylum, withholding of removal, and protection under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment. On September 20, 2001, after a hearing on the merits, the IJ denied Lutula's applications for relief. The IJ found that Lutula was not credible because his story was, in many respects, implausible, it was not supported by any corroborating documentation, and that Lutula failed to meet his burden of proof. The IJ ordered that Lutula be removed from the United States.

Lutula filed an appeal with the BIA on October 18, 2001. On June 9, 2003, the BIA found that Lutula failed to meet his burden of proving future persecution, and that the IJ could reasonably have expected him to provide evidence corroborating his testimony. The BIA specifically found that Lutula could have provided (1) proof that the

3

Congolese government actually cancelled his scholarship and why, (2) support for his assertion that his father's arrest and his brothers's death occurred and were due to their ethnicity, (3) proof that the Congolese foreign minister gave a speech advocating the death of all Tutsis, (4) an affidavit from Lutula's girlfriend to establish that she was arrested and interrogated by police about his whereabouts, and (5) evidence to support his assertion that the Chinese police wanted to arrest him. The Board also noted that the one piece of evidence Lutula did provide was not credible on its face, and that he did not offer any reasons for his failure to supply additional documentary evidence. The BIA dismissed the appeal and affirmed the IJ's decision.

## II.

We review the findings of fact contained in the BIA's decision to determine whether they are supported by substantial evidence. *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002). An adverse credibility determination must be upheld unless "'any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id*. (quoting 8 U.S.C. § 1252(b)(4)(B)).

Lutula argues that it was not reasonable for the BIA to expect him to provide the enumerated evidence to corroborate his asylum claim. However, we have held that the BIA may require even an otherwise credible applicant for asylum to submit sufficient corroborating evidence if it is "reasonable to expect corroboration." *Abdulai v. Ashcroft*, 239 F.3d 542, 554 (3d Cir. 2001). If the applicant has not provided the corroborating

4

evidence, the BIA should analyze whether the applicant adequately explained his failure to do so. *Id.*

The BIA reviewed the record and concluded that Lutula should have been able to provide some of the enumerated evidence to corroborate his claim. The BIA provided a list of specific facts to be corroborated, and it agreed with the IJ that the complete lack of supporting documentation undermined Lutula's credibility. For example, Lutula could have contacted his professor in China to obtain documentation regarding the cancellation of his scholarship, but failed to do so. Lutula gave no explanation for his failure to supply such additional documentary evidence.

It was not unreasonable for the BIA to require some documentary corroboration of Lutula's testimony and the BIA's adverse credibility determination is supported by substantial evidence. Therefore, for the reasons set for above, we will deny the Petition for Review.

_____